

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

SOUTHERN INDIANA TIRE INC.          )
d/b/a BEST-ONE TIRE & SERVICE       )
OF PRINCETON, INC.                  )
                                    )
              Plaintiff,            )
                                    )
        vs.                         )        Case No. 3:16-cv-000 8 1 - RLY-MPB
                                    )
                                    )
JOSHUA W. EADEN, JUSTIN PHARRIS,    )
DARRIN TICHENOR, AARON (SHANE)      )
STAFFORD, JACK PICKETT,             )
J&J TIRE AND SERVICE LLC, and       )
JOHN DOE DEFENDANTS 1-5             )
                                    )
              Defendants.           )

## VERIFIED COMPLAINT FOR
## DAMAGES, INJUNCTIVE RELIEF, AND REPLEVIN

Comes now, Plaintiff, Southern Indiana Tire Inc. d/b/a Best-One Tire & Service of Princeton, Inc., by counsel, Reed S. Schmitt, Bruce A. Smith, and Meagan R. Brien, of the law firm of Bingham Greenebaum Doll LLP, and for its Verified Complaint against Defendants, Joshua W. Eaden, Justin Pharris, Darrin Tichenor, Aaron (Shane) Stafford, Jack Pickett, and J&J Tire and Service LLC, and as factual allegations in support of its claims for relief, alleges and states the following:

## PRELIMINARY STATEMENT

1.     This is a civil action related to a criminal enterprise engaged in a pattern of racketeering activity, and a conspiracy to engage in racketeering activity involving numerous RICO predicate acts beginning in late 2013 and continuing until March, 2016.  The predicate acts alleged here involve fraud, theft, conversion, embezzlement, violation of the Uniform Trade Secrets Act (UTSA), mail and wire fraud, plus others.

2.     This case involves a scheme whereby employees of the Plaintiff, customers of the Plaintiff, friends, relatives, or associates of the Defendants participated in a number of schemes by which they defrauded, stole from and converted goods of the Plaintiff for their own use, embezzled and misappropriated trade secrets for their own behalf, and illegally accessed proprietary information of Plaintiff for their use and benefit.

3.     The first scheme involved Defendants, employees and customers of Plaintiff that conspired to defraud Plaintiff, whereby two large customers of Plaintiff ("Customer No. 1" and "Customer No. 2") were fraudulently billed for merchandise, and then that same merchandise was sold to another customer for cash and the accompanying invoices to Customer No.1 and Customer No. 2 were zeroed out by credit memos.

4.     The second scheme involved a number of employees of Plaintiff that conspired to defraud Plaintiff, whereby Defendants would repair and install transmissions and repair and install engines in customer vehicles and then Defendants would fraudulently bill Customer No. 1 and Customer No. 2 for such parts and service work.  Defendants would either keep the newly repaired and reconditioned vehicles for their own personal use or resell the newly repaired and reconditioned vehicles to a third party for profit.

5.     The third scheme involved two separate employees that conspired to defraud Plaintiff.   Aaron (Shane) Stafford conspired with Joshua W. Eaden whereby Aaron (Shane) Stafford was paid for work, and was continued on the Plaintiff's payroll for a period of 2½ to 3 months, without performing any work for the Plaintiff, all without the authorization of Plaintiff, and with the knowledge of Joshua W. Eaden.

6.     The fourth scheme involved fraudulently billing Customer No. 1 for tire foam, whereby Joshua W. Eaden fraudulently overstated and overbilled the amount of pounds of tire foam that Customer No. 1 received, in order to increase Plaintiff's Princeton retail location's gross sales, thereby increasing the apparent net profit margin and entitling Joshua W. Eaden to the highest level of performance bonus.   Customer No. 1 never received the overbilled tire foam, but paid Plaintiff for such fraudulent billing.    Joshua W. Eaden received the performance bonuses resulting from his fraudulent billing.

7.     The fifth scheme by which Joshua W. Eaden conspired with other Defendants was a scheme by which he obtained used customer tires that had been removed from customers' vehicles, removed them from SIT's premises and transported them to a location where he stored the tires for later resale.   Upon information and belief, the used tires were stored at a facility owned by Joshua W. Eaden and Justin Pharris.

8.     Further, Joshua W. Eaden and Justin Pharris conspired to misappropriate the trade secrets, customer lists, billing information, and customer scheduling information by their unauthorized access to the Plaintiff's password protected computer software programs.

9.     The Plaintiff has additional State law claims for fraud, theft, conversion, embezzlement, violation of the Uniform Trade Secrets Act (UTSA), and mail and wire fraud.

## PARTIES

10.     Plaintiff, Southern Indiana Tire Inc. d/b/a Best-One Tire & Service of Princeton, Inc. (hereinafter referred to as "SIT"), is an Indiana corporation with its principal place of business located at 1342 W 100 N, Princeton, Indiana 47670 in Gibson County, State of Indiana.

11.     Defendant, Joshua W. Eaden (hereinafter referred to as "Eaden"), is a resident of Gibson County, Indiana.

12.     Defendant, Justin Pharris (hereinafter referred to as "Pharris"), is a resident of Gibson County, Indiana.

13.     Defendant, Darrin Tichenor (hereinafter referred to as "Tichenor"), is a resident of Gibson County, Indiana.

14.     Defendant, Aaron (Shane) Stafford ("Stafford"), is a resident of Gibson County, Indiana.

15.     Defendant, Jack Pickett (hereinafter referred to as "Jack"), is a resident of Gibson County, Indiana.

16.     Defendants, John Doe Defendants 1-5, are as yet unidentified (hereinafter "Doe Defendants 1-5").

17.     Defendant, J&J Tire and Service LLC (hereinafter referred to as "J&J Tire and Service"), an Indiana limited liability company, with its principal place of business located in Gibson County, State of Indiana.  To the information and belief of Plaintiff, J&J Tire and Service was organized by, or for the benefit of Eaden, Pharris, and J&J Tire and Service.

18.     Eaden is the registered agent for J&J Tire and Service.

4

## JURISDICTION

19.     This Court has jurisdiction over the subject matter of this action pursuant to 18 U.S.C. §§1961, 1962, 1964, 28 U.S.C. §§1331 and 1367. The Court has personal jurisdiction over defendants pursuant to 18 U. S. C. §1965 (a) (b) and (d) as Defendants transacted their affairs in this district and ends of justice require Defendants be brought before this Court.

20.     This Court is a proper venue for this action pursuant to 18 U.S.C. §1965 (a) and 28 U.S.C. §1391 (b) (2). Venue is proper in this judicial district because the events and omissions giving rise to the claim occurred in this district.

21.     SIT's state law claims share "a common nucleus of operative fact" with Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, and this Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367. *See Id.* and *Brock v. Thomas*, 782 F. Supp. 2d 133, 139 (E.D. Pa. 2011)

22.     This Court has personal jurisdiction over Defendants in this matter because, upon information and belief, each individual Defendant is a resident of Gibson County, Indiana, which is located in this District, and because the corporate Defendant, J&J Tire and Service, conducts a substantial portion of its business in this District, is registered to do business and accept service in this District, and operates its business in Princeton, Indiana, where, upon information and belief, the tangible property at issue is located.

## FACTUAL ALLEGATIONS

23.     Eaden was an employee of SIT.  Eaden was hired by SIT on June 24, 2002, and was resigned from employment on March 14, 2016.

24.     Eaden was the manager of SIT's Princeton retail location, having been promoted to that position on March 4, 2011.

25.     Pharris was an employee of SIT.  Pharris was hired by SIT on May 23, 2005, and was terminated from employment on March 18, 2016.

26.     Pharris was the inside salesman of SIT's Princeton retail location.

27.     Tichenor was a long-time customer of SIT.

28.     Stafford was an employee of SIT.  Stafford was hired by SIT on September 2, 2013, and was terminated from employment on May 9, 2016.

29.     Stafford was a mechanic and service manager of SIT's Princeton retail location.

30.      As a part of Eaden's duties and responsibilities as the manager of the Princeton SIT location, he had certain sales, billing, inventory control, and supervisory responsibilities as the manager.

31.     Beginning on or about November, 2013, Eaden engaged in conduct with a number of the Defendants to conspire against SIT in order to defraud SIT, embezzle from SIT, convert SIT's merchandise to his own use without corresponding payment to SIT, and engaged in a course of conduct to deprive SIT of parts, merchandise, and monies.

32.     Eaden engaged in a scheme in order to deprive SIT of monies by overbilling customers for merchandise, creating false invoices to SIT's customers, and issuing fictitious credit memos in order to generate inflated gross sales figures in order to meet certain performance goals, thereby fraudulently entitling Eaden to performance bonuses.

33.     Eaden, Pharris, and Tichenor conspired together in order to prepare fraudulent invoices to Customer No. 1 or Customer No. 2, whereby Customer No. 1 or Customer No. 2 was fraudulently billed for merchandise that Customer No. 1 or Customer No. 2 did not receive but would be billed and paid for by Customer No. 1 or Customer No. 2.

34.     Eaden, Pharris, and Tichenor, conspired together whereby after engaging in the conduct referred to in paragraph 32, Tichenor received Plaintiff's merchandise for free without payment to SIT.

35.     Eaden, Pharris, and Jack conspired together in order to prepare fraudulent invoices to Customer No. 1 or Customer No. 2, whereby Customer No. 1 or Customer No. 2 was fraudulently billed for merchandise that Customer No. 1 or Customer No. 2 did not receive but would be billed and paid for by Customer No. 1 or Customer No. 2.

36.     Eaden, Pharris, and Jack, conspired together whereby after engaging in the conduct referred to in paragraph 34, Jack received Plaintiff's merchandise for free without payment to SIT.

37.     As a part of Eaden's compensation as an employee at SIT, he participated in a bonus program for the fiscal years ending 2013, 2014, and 2015.

38.     Eaden's bonus was calculated after meeting a minimum net profit threshold of sales, and then it increased at different levels of profitability.

39.     Eaden engaged in a scheme in which he prepared fraudulent invoices to Customer No. 1, whereby Customer No. 1 was overbilled for tire foam that it did not receive.

40.     Customer No. 1 received the fraudulent invoices generated by Eaden, and made payment on the fraudulent invoices to SIT.  Eaden's tire foam overbilling scheme was created in order for the apparent net profit margin to increase thereby increasing Eaden's performance bonus.

41.     Beginning on October 1, 2013 through December 31, 2013, Eaden fraudulently invoiced Customer No. 1 twenty-two (22) separate times, for a total amount of 20,750 pounds of foam fill or superflex foam fill.

42.     Beginning on January 1, 2014 through December 31, 2014, Eaden fraudulently invoiced Customer No. 1 one hundred sixty-three (163) separate times, for a total amount of 120,585 pounds of foam fill or superflex foam fill.

43.     Beginning on January 1, 2015 through December 31, 2015, Eaden fraudulently invoiced Customer No. 1 one hundred sixty-five (165) separate times, for a total amount of 143,598 pounds of foam fill or superflex foam fill.

44.     Beginning on January 1, 2016 through December 29, 2016, Eaden fraudulently invoiced Customer No. 1 twenty (20) separate times, for a total of 3,335 pounds of foam fill or superflex foam fill.

45.     Beginning on October 1, 2013 through February 29, 2016, Eaden fraudulently invoiced Customer No. 1 three hundred seventy (370) separate times.

46.     Beginning on October 1, 2013 through February 29, 2016, Eaden fraudulently invoiced Customer No. 1 three hundred seventy (370) separate times for 288,268 pounds of foam fill or superflex foam fill.

47.     Beginning on October 1, 2013 through December 29, 2016, the Princeton warehouse of SIT billed and delivered to the Princeton retail location of SIT for 178,626 pounds of foam fill or superflex foam fill.

48.     Customer No. 1 was fraudulently billed by Eaden for 109,642 pounds of foam fill or superflex foam fill at a price ranging of $1.65 to $2.50 per pound for the foam fill or superflex foam fill.

49.     Customer No. 1 made payment to SIT for each of those three hundred seventy (370) separately billed fraudulent invoices.

50.     Customer No. 1 was overbilled by Eaden for foam fill in an approximate amount of $189,709.

51.     As a result of the fraudulent invoices to Customer No. 1, and the resulting payments thereof by Customer No. 1, SIT's apparent net profit increased and Eaden received bonuses in fiscal year 2013, fiscal year 2014, and fiscal year 2015, in excess of the amount to which he was legitimately entitled.

52.     As a result of the fraudulent invoices to Customer No. 1, and the resulting payment by Customer No. 1, SIT's apparent net profit increased, other employees of SIT received bonuses in fiscal year 2013, fiscal year 2014, and fiscal year 2015, to which they would not have been legitimately entitled.

53.     Upon information and belief, Eaden engaged in a scheme whereby he would order vehicle parts such as engines and transmissions on behalf of SIT and would have those vehicle parts placed in a vehicle for a customer and then fraudulently bill Customer No. 1 for those vehicle parts that were installed in the other customers' vehicles.

54.     Upon information and belief, SIT alleges that this scheme occurred with several customers receiving new parts and Customer No. 1 or Customer No. 2 being fraudulently billed for the installed parts in those customers' vehicles.

55.     Upon information and belief, an engine with the approximate value of $4,000-$5,000 was fraudulently billed by Eaden to SIT, and fraudulently recorded as being placed in one of SIT's vehicles.  A credit memo was issued in order to write off the cost of the engine which was never installed in the SIT vehicle, but was installed in a vehicle of another customer.

56.     Upon information and belief, Eaden and Stafford conspired together in order for a Chevrolet Avalanche owned by Stafford to receive parts fraudulently billed to Customer No. 1, and had labor applied to the vehicle which was also fraudulently billed to Customer No. 1.

57.     Upon information and belief, that Chevrolet Avalanche was then sold by Stafford, who retained the proceeds of the sale.

58.     Eaden, Pharris, and Stafford conspired together and engaged in a scheme whereby customers' vehicles were purchased for a minimal value and then parts were installed and labor was performed on those vehicles which were then fraudulently billed to Customer No. 1, and the reconditioned vehicles were then sold for their own profit and the proceeds were received by Eaden, Pharris, and/or Stafford.

59.     On or about March 31, 2015, Eaden purchased a 2005 Chevrolet Equinox from Gaylen and Jennifer Carnell.

60.     On or about April 1, 2015, an engine and miscellaneous parts were ordered by Eaden from Jasper Engines and Transmissions and said engine and miscellaneous parts were installed in the 2005 Chevrolet Equinox by an employee of SIT.

61.     On or about May 26, 2015, four Bridgestone tires and wheels were installed on the 2005 Chevrolet Equinox and on that same date, Customer No. 1 was fraudulently billed $3,888.89 by Eaden for the engine installed on the Chevrolet Equinox and was fraudulently billed $1,623.12 by Eaden for the tires and wheels installed on the Chevrolet Equinox, owned by Eaden.

62.     Eaden converted the engine, miscellaneous parts and the tires and wheels for his own benefit, with payment to SIT.

63.     Upon information and belief, Eaden and Stafford conspired together and engaged in a scheme whereby Stafford never reported to work or performed work for SIT, but received regular payroll payments from SIT.

64.     That as a part of Stafford's job duties, he was required to complete daily work orders which would detail with specificity such items of mechanical work that he performed.

65.     That when SIT requested to be provided by Stafford with such daily work orders, no work orders for the time period were provided by Stafford to SIT.

66.     Upon information and belief, SIT alleges that Stafford's payroll records and fictitious work orders were destroyed by either Eaden or Stafford.

67.     Upon information and belief, SIT alleges that Eaden and Stafford conspired to defraud SIT of monies in an amount equal to Stafford's payroll payments during the period of time in which he failed to perform work for SIT.

## COUNT I – Violation of the Federal Racketeer Influenced and Corrupt Organizations ("RICO") Statute

68.     SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 67 of SIT's Complaint.

69.     The claim for relief arises under 18 U.S.C. § 1962(c).

70.     As set forth above, Defendants, Eaden, Pharris, Tichenor, Stafford, J&J Tire and Service, and Doe Defendants 1-5 have violated 18 U.S.C. § 1962(c) by conducting or participating, directly or indirectly, their affairs through a patterned racketeering.

71.     As a direct and proximate result, Plaintiff has been injured in its business or property by the predicate acts which make up the Defendants' patterns of racketeering activity.

72.     Specifically, Plaintiff has been injured by Defendants' acts of fraud, theft and embezzlement, conversion, misappropriation of trade secrets, tortious interference with business relations in whole or in part as a result of the schemes employed by the Defendants to defraud, embezzle, steal from, convert merchandise for their own use, and other actions as more particularly set forth hereinabove.

73.     Plaintiff's losses exceed Six Hundred Thousand Dollars. Under 18 U.S.C. § 1964(c) Plaintiff is entitled to treble damages, costs, attorneys' fees, and pre-judgment interest.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, Darrin Tichenor, Aaron (Shane) Stafford, J&J Tire and Service, LLC, and Doe Defendants 1-5, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

## COUNT II – Fraud

74.     SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 73 of SIT's Complaint.

75.     Upon information and belief, Eaden during all times material to this Complaint, engaged in a billing scheme to defraud SIT, which included crediting accounts of customers, namely the account of Tichenor and/or the friends and family of Eaden, for amounts that were later charged to customers of SIT, namely Customer 1 and Customer 2.

76.     Upon information and belief, Eaden facilitated and implemented a scheme in which he would remove line items from the invoices of SIT customers that were the friends, family, associates, or otherwise known to Eaden, thereby not charging said customers for materials or

services purchased at SIT and then fraudulently adding those same line items to the invoices of other SIT customers, such as Customer 1 and Customer 2, that were large accounts of SIT and were less likely to notice or dispute the charges.

77.     Upon information and belief, Eaden charged Customer 1 for several sets of passenger or light-duty truck tires that were line items that had been removed from the invoices of his friends, family, and/or associates.

78.     Upon information and belief, Eaden facilitated and implemented a scheme in which Eaden gave an appropriate credit to Tichenor for Tichenor's used tractor tires, but created two (2) invoices to give Tichenor two (2) credits of $10,000.00 each, used a billing or transaction method to have the transaction total $0.00, and wrongly billed Customer 2 for approximately $12,000.00, for Tichenor's used tractor tires, which Customer 2 never purchased and has no need for.

79.     Upon information and belief, Eaden and Tichenor engaged in a pattern and practice to defraud SIT that was similar to the scheme set forth in rhetorical paragraph 8.

80.     Eaden repeatedly made false statements to SIT management as to past or existing material facts related to the billing practices of SIT and made said false statements with knowledge of each statements falsity.

81.     Eaden's conduct amounted to fraud.

82.     Eaden's false statements were made with the purpose of inducing SIT to improperly bill Customer 1 and Customer 2, and to cover up his own fraudulent conduct.

83.     SIT justifiably relied upon Eaden's false statements and has experienced significant damages as a direct and proximate result of Eaden's fraud.

84.     Tichenor was aware that he was improperly and fraudulently receiving credit for merchandise that he received but did not pay for.

85.    Tichenor's conduct amounted to fraud.

86.    SIT justifiably relied upon Tichenor's false statements and has experienced significant damages as a direct and proximate result of Tichenor's fraud.

87.    Upon information and belief, Eaden facilitated and implemented a scheme in which SIT's customers were billed for tire foam for tires that the customers did not purchase and/or were billed for more pounds of tire foam than what was put into the tires.

88.    Eaden repeatedly made false statements as to past or existing material facts related to the use, billing, and/or inventory of tire foam and made said false statements with knowledge of each statements falsity.

89.    Eaden's conduct amounted to fraud.

90.    Eaden's false statements were made with the purpose of inducing SIT to bill its customers for the fraudulent amount of foam and to seek payment by said customers to SIT.

91.    SIT justifiably relied upon Eaden's false statements and has experienced significant damages as a direct and proximate result of Eaden's fraud.

92.    Upon information and belief, Eaden, Stafford, Pharris, and/or Doe Defendants repeatedly used automotive parts and/or supplies that were SIT's inventory to repair, flip, or fix vehicles belonging to Eaden, Stafford, Pharris, Doe Defendants, and/or their associates, relatives, or friends, and billed the parts and/or supplies to other customers of SIT such as Customer 1 or Customer 2, that were large accounts of SIT and were less likely to notice or dispute the charges.

93.    Upon information and belief, Eaden, Stafford, Pharris, and/or Doe Defendants billed to SIT more than $4,000.00, and SIT wrote the amount off as a company expense, for an engine that was represented to have been installed in a company truck of SIT, but the engine was actually placed into a truck belonging and/or used by Slone Tree Service.

94.     Upon information and belief, Eaden, Stafford, Pharris, and/or Doe Defendants repaired and added parts to a truck purchased from Jared Dearing and/or his father using parts that belonged to SIT, billed other SIT customers, and obtained the proceeds from the sale of said truck.

95.     Upon information and belief, Customer 2 and/or its principal were billed by Eaden, Stafford, Pharris, and/or Doe Defendants for work done and parts provided to several vehicles, including a dually truck, that did not belong to Customer 2 and/or its principal, but instead were used on a vehicle in the possession of Stafford.

96.     Upon information and belief, Eaden, Stafford, Pharris, and/or Doe Defendants engaged in a pattern and practice to defraud SIT that was similar to the scheme set forth in rhetorical paragraphs 93-95.

97.     Upon information and belief, Eaden, Stafford, Pharris, and/or Doe Defendants repeatedly made false statements as to past or existing material facts related to the bills of customers of SIT and the parts or services provided by SIT and made said false statements with knowledge of each statements falsity.

98.     The conduct of Eaden, Stafford, Pharris, and/or Doe Defendants amounted to fraud.

99.     Eaden's false statements were made with the purpose of inducing SIT to fraudulently bill its customers.

100.    SIT justifiably relied upon Eaden's false statements and has experienced significant damages as a direct and proximate result of Eaden's fraud.

101. Upon information and belief, for several months in 2014 and/or 2015 Stafford collected a paycheck based upon hours and work that he did not work or perform that were fraudulent because for that time Stafford was not attending work, was not completing mechanic's work, and/or was not performing work as an employee of SIT, but was being paid as an employee of SIT.

102. Upon information and belief, Eaden assisted Stafford in fraudulently collecting a paycheck from SIT.

103. Upon information and belief, Eaden has in his possession or has disposed of the fraudulent records which were used to assist Stafford in fraudulently collecting a paycheck from SIT.

104. Upon information and belief, Eaden, Stafford, Pharris, and/or Doe Defendants engaged in a pattern and practice to defraud SIT that was similar to the scheme set forth in rhetorical paragraphs 101-103.

105. Upon information and belief, Eaden and/or Stafford repeatedly made false statements as to past or existing material facts related to the paychecks issued by SIT to Stafford and made said false statements with knowledge of each statements falsity.

106. The conduct of Eaden and/or Stafford amounted to fraud.

107. Eaden's and Stafford's false statements were made with the purpose of inducing SIT to issue paychecks to Stafford.

108. SIT justifiably relied upon Eaden's and Stafford's false statements and has experienced significant damages as a direct and proximate result of Eaden's and Stafford's fraud.

109.    Upon information and belief, Eaden facilitated and implemented a scheme in which the amount of his sales of SIT parts, tires, equipment, and services were inflated, artificial, and/or fraudulent in order for Eaden to obtain performance bonus(es) from SIT.

110.    Upon information and belief, Eaden repeatedly made false statements as to past or existing material facts related to the sales of Eaden and made said false statements with knowledge of each statements falsity.

111.    The conduct of Eaden amounted to fraud.

112.    SIT justifiably relied upon Eaden's false statements and has experienced significant damages as a direct and proximate result of Eaden's fraud.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, Darrin Tichenor, Aaron (Shane) Stafford, and Doe Defendants 1-5, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

## COUNT III – Theft/Embezzlement

113.    SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 112 of SIT's Complaint.

114.    Upon information and belief, Eaden has knowingly and/or intentionally caused the customers of SIT to be charged for and pay for the bills for goods and services of Eaden, Tichenor, Pharris, Stafford, and/or Doe Defendants 1-5, and/or the family, friends, and associates of Eaden, Tichenor, Pharris, Stafford and/or Doe Defendants 1-5, without the knowledge, consent or authority of SIT or its officers and directors.

17

115.   Upon information and belief, Eaden, Tichenor, Pharris, Stafford and/or Doe Defendants 1-5, knowingly and intentionally participated in, assisted with, and abetted one another to carry out the scheme set forth in paragraph 114, without the knowledge, consent or authority of SIT or its officers and directors.

116.   Upon information and belief, Eaden has knowingly and intentionally presented false invoices to SIT and to the customers of SIT in order to secure payment by SIT and/or its customers for goods and services that were not to the benefit of either SIT or its customers, but rather was for the benefit of Eaden, Tichenor, Pharris, Stafford and/or Doe Defendants 1-5 and/or their family, friends, and/or associates.

117.   Upon information and belief, Eaden has knowingly and intentionally diverted and took possession of inventory belonging to SIT that was either sold by Eaden for his own benefit or to be sold by J&J Tire and Service.

118.   Upon information and belief, Eaden knowingly and intentionally facilitated and implemented a scheme in which the amount of his sales of SIT parts, tires, equipment, and services were inflated, artificial, and/or fraudulent in order for Eaden to obtain bonus(es) from SIT.

119.   Upon information and belief, for several months in 2014 and/or 2015 Stafford collected a paycheck based upon hours and work that he did not work or perform that were fraudulent because for that time Stafford was not attending work, was not completing mechanic's work, and/or was not performing work as an employee of SIT, but was being paid as an employee of SIT.

120.   Upon information and belief, Eaden has committed the offense of theft as defined in Indiana Code Section 35-43-4-2 *et. seq.*

121.    Tichenor has committed the offense of theft as defined in Indiana Code Section 35-43-4-2 *et. seq.*

122.    Pharris has committed the offense of theft as defined in Indiana Code Section 35-43-4-2 *et. seq.*

123.    Stafford has committed the offense of theft as defined in Indiana Code Section 35-43-4-2 *et. seq.*

124.    Doe Defendant has committed the offense of theft as defined in Indiana Code Section 35-43-4-2 *et. seq.*

125.    As a direct and proximate result of the theft and/or embezzlement committed by Eaden, Tichenor, Pharris, Stafford, and Doe Defendants 1-5, SIT has sustained damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, Darrin Tichenor, Aaron (Shane) Stafford, and/or Doe Defendants 1-5, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

### COUNT IV – Conversion

126.    SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 125 of SIT's Complaint.

127.    Upon information and belief, Eaden has knowingly and/or intentionally caused the customers of SIT to be charged for and pay for the bills for goods and services of Eaden, Tichenor, Pharris, Stafford, and/or Doe Defendants 1-5, and/or the family, friends, and associates of Eaden,

Tichenor, Pharris, Stafford and/or Doe Defendants 1-5, without the knowledge, consent or authority of SIT or its officers and directors.

128.    Upon information and belief, Eaden, Tichenor, Pharris, Stafford and/or Doe Defendants 1-5, knowingly and intentionally participated in, assisted with, and abetted one another to carry out the scheme set forth in paragraph 127, without the knowledge, consent or authority of SIT or its officers and directors.

129.    Upon information and belief, Eaden has knowingly and intentionally presented false invoices to SIT and to the customers of SIT in order to secure payment by SIT and/or its customers for goods and services that were not to the benefit of either SIT or its customers, but rather was for the benefit of Eaden, Tichenor, Pharris, Stafford and/or Doe Defendants 1-5 and/or their family, friends, and/or associates.

130.    Upon information and belief, Eaden has knowingly and intentionally diverted and took possession of inventory belonging to SIT to be sold by Eaden or to be sold by J&J Tire and Service.

131.    Upon information and belief, Eaden, Tichenor, Pharris, Stafford and/or Doe Defendant have knowingly and intentionally exerted unauthorized control over property of SIT, namely tire foam, tires, engines, transmissions, various auto parts and services, without the knowledge, consent, or authority of SIT nor its officers and directors.

132.    Upon information and belief, for several months in 2014 and/or 2015 Stafford collected a paycheck based upon hours and work that he did not work or perform that were fraudulent because for that time Stafford was not attending work, was not completing mechanic's work, and/or was not performing work as an employee of SIT, but was being paid as an employee of SIT.

133.    Upon information and belief, J&J Tire and Service has knowingly received merchandise stolen from SIT and has converted said merchandise for its benefit.

134.    Upon information and belief, Eaden has committed the offense of conversion as defined in Indiana Code Section 35-43-4-3 *et. seq.*

135.    Tichenor has committed the offense of conversion as defined in Indiana Code Section 35-43-4-3 *et. seq.*

136.    Pharris has committed the offense of conversion as defined in Indiana Code Section 35-43-4-3 *et. seq.*

137.    Stafford has committed the offense of conversion as defined in Indiana Code Section 35-43-4-3 *et. seq.*

138.    Doe Defendant has committed the offense of conversion as defined in Indiana Code Section 35-43-4-3 *et. seq.*

139.    J&J Tire and Service has committed the offense of conversion as defined in Indiana Code Section 35-43-4-3 *et. seq.*

140.    As a direct and proximate result of the unauthorized control and/or conversion committed by Eaden, Tichenor, Pharris, Stafford, Doe Defendants 1-5, and/or J&J Tire and Service, SIT has sustained damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, Darrin Tichenor, Aaron (Shane) Stafford, Doe Defendants 1-5, and/or J&J Tire and Service, LLC, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

**COUNT V – Violation of the Indiana Uniform Trade Secrets Act
Injunctive Relief**

141.    SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 140 of SIT's Complaint.

142.    As an employee of SIT, Eaden was privy to the pricing structure, customer lists, profit margins and other confidential and proprietary information of SIT.

143.    Eaden used said confidential and proprietary information in his business as J&J Tire and Service which violated the Uniform Trade Secrets Act, Indiana Code Section 24-2-3-1 *et seq.*

144.    Eaden's use of said confidential and proprietary information of SIT amounts to misappropriation of the trade secrets of SIT.

145.    As an employee of SIT, Pharris was privy to the pricing structure, customer lists, profit margins and other confidential and proprietary information of SIT.

146.    Pharris used said confidential and proprietary information in his business as J&J Tire and Service which violated the Uniform Trade Secrets Act, Indiana Code Section 24-2-3-1 *et seq.*

147.    Pharris' use of said confidential and proprietary information of SIT amounts to misappropriation of the trade secrets of SIT.

148.    Upon information and belief subsequent to his termination of employment, Eaden surreptitiously accessed SIT's customer lists, database, and scheduling software without authority and used such information for J&J Tire Service's monetary benefit.

149.    Upon information and belief subsequent to his termination of employment, Pharris surreptitiously accessed SIT's customer lists, database, and scheduling software without authority and used such information for J&J Tire Service's monetary benefit.

150.    SIT takes steps to maintain the secrecy of such confidential and trade secret information, including, but not limited to, requiring its employees to acknowledge receipt of SIT's Employee Handbook which contains a Confidentiality provision, which restricts employees' ability to disclose SIT's confidential and trade secret information.

151.    Such confidential and trade secret information is not generally known to the public and SIT derives independent economic value from such information not being generally known by its competitors.

152.    Eaden, Pharris, and J&J Tire and Service are likely to continue engaging in such unlawful conduct.  The unlawful conduct of Eaden, Pharris, and J&J Tire and Service will cause SIT to suffer immediate and irreparable injury.  Specifically, SIT has lost and will continue to lose customer accounts and any corresponding income.  Further, SIT has lost and will continue to lose certain competitive advantages, and sustain injury to its goodwill and reputation.  SIT will continue suffering such irreparable injury unless the Court immediately enjoins Eaden, Pharris, and J&J Tire and Service from such unlawful activities.  SIT has no adequate remedy at law or other means to address this injury, other than the Court immediately enjoining Eaden, Pharris, and J&J Tire and Service from such unlawful activities.

153.    In absence of injunctive relieve, SIT has no adequate remedy at law and will be irreparably harmed.   Money damages are wholly inadequate as a remedy for the continuing unlawful conduct of Eaden, Pharris, and J&J Tire and Service.

154.    In view of the continuing unlawful conduct of Eaden, Pharris, and J&J Tire and Service, a balance of the equities weighs strongly in favor of SIT.

155.    It is in the public interest that SIT's trade secrets be protected.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for a Temporary Injunction, and ultimately a Permanent Injunction, as described in more detail in the original Motion for Restraining Order and Temporary Injunction, the accompanying Motion for Temporary Injunction, and Memoranda in Support thereof against Defendants, Joshua W. Eaden, Justin Pharris, and J&J Tire and Service, LLC.

## COUNT VI –   Violation of the Uniform Trade Secrets Act
### Damages

156.    SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 155 of SIT's Complaint.

157.    SIT takes steps to maintain the secrecy of such confidential and trade secret information, including, but not limited to, requiring its employees to acknowledge receipt of SIT's Employee Handbook which contains a Confidentiality provision, which restricts employees' ability to disclose SIT's confidential and trade secret information.

158.    Such confidential and trade secret information is not generally known to the public and SIT derives independent economic value from such information not being generally known by its competitors

159.    As an employee of SIT, Eaden was privy to the pricing structure, customer lists, profit margins and other confidential and proprietary information of SIT.

160.    Eaden used said confidential and proprietary information in his business as J&J Tire and Service which violated the Uniform Trade Secrets Act, Indiana Code Section 24-2-3-1 *et seq.*

161.    Eaden's use of said confidential and proprietary information of SIT amounts to misappropriation of the trade secrets of SIT.

162.   As an employee of SIT, Pharris was privy to the pricing structure, customer lists, profit margins and other confidential and proprietary information of SIT.

163.   Pharris used said confidential and proprietary information in his business as J&J Tire and Service which violated the Uniform Trade Secrets Act, Indiana Code Section 24-2-3-1 *et seq.*

164.   Pharris' use of said confidential and proprietary information of SIT amounts to misappropriation of the trade secrets of SIT.

165.   The actions of Eaden, Pharris, and J&J Tire and Service described above have caused SIT to sustain damages including, but not limited to, lost income, lost client relationships and future lost client relationships, lost or diminished competitive advantages, and injury to its goodwill and reputation.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, and J&J Tire and Service, LLC, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

## COUNT VII – Tortious Interference with SIT's Business Relations and SIT's Prospective Business Relations Injunctive Relief

166.   SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 165 of SIT's Complaint.

167.   SIT takes steps to maintain the secrecy of such confidential and trade secret information, including, but not limited to, requiring its employees to acknowledge receipt of SIT's Employee Handbook which contains a Confidentiality provision, which restricts employees' ability to disclose SIT's confidential and trade secret information.

168.    Such confidential and trade secret information is not generally known to the public and SIT derives independent economic value from such information not being generally known by its competitors

169.    When Eaden engaged in conduct to defraud, defame, conspire against, breach duties and obligations to SIT, breach policies of SIT, and commit theft, embezzlement, and conversion against SIT, Eaden specifically intended to injure SIT.

170.    When Stafford engaged in conduct to defraud, conspire against, breach duties and obligations to SIT, breach policies of SIT, and commit theft, embezzlement, and conversion against SIT, Stafford specifically intended to injure SIT.

171.    When Pharris engaged in conduct to defraud, conspire against, breach duties and obligations to SIT, breach policies of SIT, and commit theft, embezzlement, and conversion against SIT, Pharris specifically intended to injure SIT.

172.    When Stafford engaged in conduct to defraud, conspire against, breach duties and obligations to SIT, breach policies of SIT, and commit theft, embezzlement, and conversion against SIT, Stafford specifically intended to injure SIT.

173.    When Doe Defendants 1-5 engaged in conduct to defraud, conspire against, breach duties and obligations to SIT, breach policies of SIT, and commit theft, embezzlement, and conversion against SIT, Doe Defendants 1-5 specifically intended to injure SIT.

174.    When J&J Tire and Service engaged in conduct by which it received stolen merchandise of SIT, J&J Tire and Service specifically intended to injure SIT.

175.    By engaging in such conduct, Eaden, Stafford, Pharris, Doe Defendants 1-5, and/or J&J Tire and Service tortiously interfered with SIT's business relations and prospective business relations.

176.    Eaden, Stafford, Pharris, Doe Defendants 1-5, and/or J&J Tire and Service are likely to continue engaging in such unlawful conduct.

177.    The unlawful conduct of Eaden, Stafford, Pharris, Doe Defendants 1-5, and J&J Tire and Service will cause SIT to suffer immediate and irreparable injury.  Specifically, SIT has lost and will continue to lose customer accounts and any corresponding income.  Further, SIT has lost and will continue to lose certain competitive advantages, and will sustain injury to its goodwill and reputation.  SIT will continue suffering such irreparable injury unless the Court immediately enjoins Eaden, Stafford, Pharris, Doe Defendants 1-5, and J&J Tire and Service from such unlawful activities.  SIT has no adequate remedy at law or other means to address this injury, other than the Court immediately enjoining Eaden, Stafford, Pharris, Doe Defendants 1-5, and J&J Tire and Service from such unlawful activities.

178.    In absence of injunctive relief, SIT has no adequate remedy at law and will be irreparably harmed.  Money damages are wholly inadequate as a remedy for the continuing unlawful conduct of Eaden, Stafford, Pharris, Doe Defendants 1-5, and J&J Tire and Service.

179.    In view of the continuing unlawful conduct of Eaden, Stafford, Pharris, Doe Defendants 1-5, and J&J Tire and Service, a balance of the equities weighs strongly in favor of SIT.

180.    It is in the public interest that SIT's business relations and prospective business relations be protected.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for a Temporary Injunction, and ultimately a Permanent Injunction, as described in more detail in the original Motion for Restraining Order and Temporary Injunction, the accompanying Motion for Temporary Injunction, and Memoranda in Support thereof against Defendants, Joshua W. Eaden, Justin Pharris, and J&J Tire and Service, LLC.

<u>**COUNT VIII – Tortious Interference with SIT's Business Relations**</u>
<u>**and SIT's Prospective Business Relations**</u>
<u>**Damages**</u>

181.    SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 180 of SIT's Complaint.

182.    SIT takes steps to maintain the secrecy of such confidential and trade secret information, including, but not limited to, requiring its employees to acknowledge receipt of SIT's Employee Handbook which contains a Confidentiality provision, which restricts employees' ability to disclose SIT's confidential and trade secret information.

183.    Such confidential and trade secret information is not generally known to the public and SIT derives independent economic value from such information not being generally known by its competitors

184.    When Eaden engaged in conduct to defraud, defame, conspire against, breach duties and obligations to SIT, breach policies of SIT, and commit theft, embezzlement, and conversion against SIT, Eaden specifically intended to injure SIT.

185.    When Stafford engaged in conduct to defraud, conspire against, breach duties and obligations to SIT, breach policies of SIT, and commit theft, embezzlement, and conversion against SIT, Stafford specifically intended to injure SIT.

28

186.    When Pharris engaged in conduct to defraud, conspire against, breach duties and obligations to SIT, breach policies of SIT, and commit theft, embezzlement, and conversion against SIT, Pharris specifically intended to injure SIT.

187.    When Stafford engaged in conduct to defraud, conspire against, breach duties and obligations to SIT, breach policies of SIT, and commit theft, embezzlement, and conversion against SIT, Stafford specifically intended to injure SIT.

188.    When Doe Defendants 1-5 engaged in conduct to defraud, conspire against, breach duties and obligations to SIT, breach policies of SIT, and commit theft, embezzlement, and conversion against SIT, Doe Defendants 1-5 specifically intended to injure SIT.

189.    When J&J Tire and Service engaged in conduct to by which it received stolen merchandise of SIT, J&J Tire and Service specifically intended to injure SIT.

190.    By engaging in such conduct, Eaden, Stafford, Pharris, Doe Defendants 1-5, and/or J&J Tire and Service tortiously interfered with SIT's business relations and prospective business relations.

191.    The actions of Eaden, Stafford, Pharris, Doe Defendants 1-5, and/or J&J Tire and Service described above have caused SIT to sustain damages including, but not limited to, lost income, lost client relationships and future lost client relationships, lost or diminished competitive advantages, and injury to its goodwill and reputation.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, and J&J Tire and Service, LLC, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

## COUNT IX – Unfair Competition
## Injunctive Relief

192.    SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 191 of SIT's Complaint.

193.    As an employee of SIT, Eaden was privy to the pricing structure, customer lists, profit margins and other confidential and proprietary information of SIT.

194.    Eaden used said confidential and proprietary information in its business as J&J Tire and Service and thereby committed the tort of unfair competition.

195.    As an employee of SIT, Pharris was privy to the pricing structure, customer lists, profit margins and other confidential and proprietary information of SIT.

196.    Pharris used said confidential and proprietary information in its business as J&J Tire and Service and thereby committed the tort of unfair competition.

197.    Eaden, Pharris, and/or J&J Tire and Service are likely to continue engaging in such unlawful conduct.

198.    The unlawful conduct of Eaden, Pharris, and/or J&J Tire and Service will cause SIT to suffer immediate and irreparable injury.  Specifically, SIT has lost and will continue to lose customer accounts and any corresponding income.  Further, SIT has lost and will continue to lose certain competitive advantages, and will sustain injury to its goodwill and reputation.  SIT will continue suffering such irreparable injury unless the Court immediately enjoins Eaden, Pharris, and/or J&J Tire and Service from such unlawful activities.  SIT has no adequate remedy at law or other means to address this injury, other than the Court immediately enjoining Eaden, Pharris, and/or J&J Tire and Service from such unlawful activities.

199.   In absence of injunctive relieve, SIT has no adequate remedy at law and will be irreparably harmed.   Money damages are wholly inadequate as a remedy for the continuing unlawful conduct of Eaden, Pharris, and J&J Tire and Service.

200.   In view of the continuing unlawful conduct of Eaden, Pharris, and J&J Tire and Service, a balance of the equities weighs strongly in favor of SIT.

201.   It is in the public interest that SIT's trade secrets be protected.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for a Temporary Injunction, and ultimately a Permanent Injunction, as described in more detail in the original Motion for Restraining Order and Temporary Injunction, the accompanying Motion for Temporary Injunction, and Memoranda in Support thereof against Defendants, Joshua W. Eaden, Justin Pharris, and J&J Tire and Service, LLC.

## COUNT X – Unfair Competition
## Damages

202.   SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 201 of SIT's Complaint.

203.   As an employee of SIT, Eaden was privy to the pricing structure, customer lists, profit margins and other confidential and proprietary information of SIT.

204.   Eaden used said confidential and proprietary information in its business as J&J Tire and Service and thereby committed the tort of unfair competition.

205.   As an employee of SIT, Pharris was privy to the pricing structure, customer lists, profit margins and other confidential and proprietary information of SIT.

206.   Pharris used said confidential and proprietary information in its business as J&J Tire and Service and thereby committed the tort of unfair competition.

207.    The actions of Eaden, Pharris, and/or J&J Tire and Service described above have caused SIT to sustain damages including, but not limited to, lost income, lost client relationships and future lost client relationships, lost or diminished competitive advantages, and injury to its goodwill and reputation.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, and J&J Tire and Service, LLC, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

## COUNT XI – Conspiracy

208.    SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 207 of SIT's Complaint.

209.    By engaging in the conduct described herein above, Eaden, Pharris, Tichenor, Jared Stafford, and Doe Defendants 1-5, agreed to take unlawful acts in concert in order to: commit fraud, theft, and conversion; and violate the Racketeer Influenced and Corrupt Organizations Act.

210.    Furthermore, Eaden, Pharris, Stafford, and/or Doe Defendants 1-5, agreed to take unlawful acts in concert in order to commit embezzlement.

211.    Furthermore, Eaden, Pharris, and/or J&J Tire and Service agreed to take unlawful acts in concert in order to:  misappropriate SIT's trade secrets; disclose and use confidential and proprietary trade secrets of SIT; tortiously interfere with SIT's business relations and prospective business relations; violate the Uniform Trade Secrets Act; and compete unfairly.

212.    Furthermore, Eaden, Pharris, Stafford, and/or Doe Defendants 1-5, agreed to take unlawful acts in concert in order to:  breach their respective fiduciary duties and obligations; and to breach the Employee Handbook of SIT.

213.    SIT has suffered a loss as the direct and proximate cause of the conspiracy of Defendants.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, Darrin Tichenor, Aaron (Shane) Stafford, Doe Defendants 1-5, and/or J&J Tire and Service, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

## COUNT XII – Unjust Enrichment

214.    SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 213 of SIT's Complaint.

215.    Without the knowledge or consent of SIT or its officers, directors and shareholders, upon information and belief, Eaden has knowingly and/or intentionally caused the customers of SIT to be charged for and pay for the bills for goods and services of Eaden, Tichenor, Pharris, Stafford, and/or Doe Defendants 1-5, and/or the family, friends, and associates of Eaden, Tichenor, Pharris, Stafford and/or Doe Defendants 1-5.

216.    Upon information and belief, Eaden, Tichenor, Pharris, Stafford and/or Doe Defendants 1-5, knowingly and intentionally participated in, assisted with, and abetted one another to carry out the scheme set forth in paragraph 215, without the knowledge, consent or authority of SIT or its officers and directors.

217.    Upon information and belief, Eaden has knowingly and intentionally presented false invoices to SIT and to the customers of SIT in order to secure payment by SIT and/or its customers for goods and services that were not for the benefit of either SIT or its customers, but rather was for the benefit of Eaden, Tichenor, Pharris, Stafford and/or Doe Defendants 1-5 and/or their family, friends, and/or associates.

218.    Upon information and belief, Eaden has knowingly and intentionally diverted and took possession of inventory belonging to SIT to either be sold for his own benefit and gain or to be sold by J&J Tire and Service.

219.    Upon information and belief, Eaden knowingly and intentionally facilitated and implemented a scheme in which the amount of his sales of SIT parts, tires, equipment, and services were inflated, artificial, and/or fraudulent in order for Eaden to obtain performance bonus(es) from SIT.

220.    Upon information and belief, for several months in 2014 and/or 2015 Stafford collected a paycheck based upon hours and work that he did not work or perform that were fraudulent because for that time Stafford was not attending work, was not completing mechanic's work, and/or was not performing work as an employee of SIT, but was being paid as an employee of SIT.

221.    Eaden has been unjustly enriched and accordingly equity demands that Eaden be ordered to repay SIT.

222.    Tichenor has been unjustly enriched and accordingly equity demands that Tichenor be ordered to repay SIT.

223.    Pharris has been unjustly enriched and accordingly equity demands that Pharris be ordered to repay SIT.

224.    Stafford has been unjustly enriched and accordingly equity demands that Stafford be ordered to repay SIT.

225.    Doe Defendants 1-5 has been unjustly enriched and accordingly equity demands that Doe Defendants 1-5 be ordered to repay SIT.

226.    J&J Tire and Service has been unjustly enriched and accordingly equity demands that J&J Tire and Service be ordered to repay SIT.

227.    As a direct and proximate result of these acts committed by Eaden, Tichenor, Pharris, Stafford, Doe Defendants 1-5, and/or J&J Tire and Service, SIT has sustained damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, Darrin Tichenor, Aaron (Shane) Stafford, Doe Defendants 1-5, and/or J&J Tire and Service, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

## COUNT XIII – Intentional Violation of Company Policies Found in the Employee Handbook of SIT

228.    SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 227 of SIT's Complaint.

229.    With respect to the trade secrets or confidential or proprietary information of SIT, the Employee Handbook of SIT provides:

### 2.5.  CONFIDENTIALITY AND SECURITY

You are expected to maintain the confidentiality of the Company's trade secrets and private or confidential information. Examples of confidential information include: sales, customer, and pricing information, passwords and passcodes, and information regarding the development of processes, know-how and technology. No Company files may be removed from Company premises or transmitted to non-employees without the express permission of your supervisor.

You are expected to maintain the security of Company-provided equipment and Company premises.  Please bring any concerns to your supervisor.

230.   With respect to work hours, the Employee Handbook of SIT provides as follows:

### 3.1.  WORK SCHEDULE

You will be informed of your work schedule.  Any reference by the Company or any of its agents to a standard work week is not a guaranteed number of working hours per week for any employee.

**Time Clock**.  Hourly employees must record their daily hours on a time clock.  If an employee fails to clock in or clock out, the employee will be paid only for hours worked that are confirmed by independent investigation.  An employee may not clock in or out for another employee, or take a time card home.  *Violation of this policy may result in discipline, up to and including termination*.

...

**Day Off**.  If you want a day off work other than your regular day off, you may switch your day off for that week with an agreeable employee who has the desired day off and who has the same skills and abilities.  You must clear the switch with your department supervisor one week in advance.  The affected parties should note on their time card the week of the switch.

### 3.2.  UNAUTHORIZED ABSENCES AND TARDINESS

**Notification**.  The time you work is valuable to the Company.  If you cannot report to work or are tardy, you must notify your department supervisor or the manager by telephone prior to the normally scheduled start of your workday or as soon as possible. Absences will be counted against your allotted personal days (See Section **Error! Reference source not found.**).

**Absenteeism Policy**. Failure to report absences properly, unauthorized absences, excessive absences, and tardiness harms the Company and other employees, and may result in disciplinary action up to and including termination.

- **Definitions.**
  - **Unauthorized absence:** you are not at your work station by one hour past your scheduled start time.
  - **Late:** you are not at your work station between ten minutes and one hour of your scheduled start time.
  - **Tardiness:** you are not at your work station between one and ten minutes of their scheduled start time.

**Voluntary Termination**. Any employee who is absent for three (3) consecutive days without notifying his/her supervisor and being excused for the time period absent is self-terminated.

Copies of pertinent sections of the Employee Handbook of SIT are attached hereto as <u>Exhibit A</u>, and are incorporated herein by reference.

231.   Eaden, Pharris, and Stafford signed an Acknowledgment and Receipt of the Employee Handbook. A copy of the signed Acknowledgements and Receipts of Eaden, Pharris, and Stafford are attached hereto as <u>Group Exhibit B</u>, and are incorporated herein by reference.

232.   In so signing an Acknowledgement and Receipt of the Employee Handbook, Eaden, Pharris, and Stafford each agreed as follows:

> I have received a copy of the Employee Handbook of **Best-One Tire/Southern Indiana Tire** (the "Company"), and I understand that it is my responsibility to read the Handbook and adhere to the Company's policies and procedures at all times.

233.   Eaden had knowledge of the policies of SIT with respect to the confidentiality and security of the trade secrets and private or confidential information of SIT and with respect to the work hours and time clock of himself and other employees.

234.   As set forth herein, Eaden intentionally violated the policies of SIT as set forth in the SIT Employee Handbook provisions 2.5 and 3.1, and others.

235.     Stafford had knowledge of the policies of SIT with respect to the confidentiality and security of the trade secrets and private or confidential information of SIT and with respect to the work hours and time clock of himself and other employees.

236.     As set forth herein, Stafford intentionally violated the policies of SIT as set forth in the SIT Employee Handbook provisions 2.5 and 3.1, and others.

237.     Pharris had knowledge of the policies of SIT with respect to the confidentiality and security of the trade secrets and private or confidential information of SIT.

238.     As set forth herein, Pharris intentionally violated the policies of SIT as set forth in the SIT Employee Handbook provisions 2.5, and others.

239.     As a direct and proximate result of the violation of the SIT Employee Handbook by Eaden, Stafford, and/or Pharris, SIT has sustained damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, and Aaron (Shane) Stafford, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

## COUNT XIV – Defamation

240.     SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 239 of SIT's Complaint.

241.     Eaden stated to an SIT customer that "They (SIT) are accusing me of a lot of things I did not do."

242.     Eaden stated to an SIT customer that he was taught by SIT management to overbill customers.

243.   Those statements are also false and defamatory.

244.   Eaden's statements have harmed SIT's reputation, good will, and business relationships.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendant, Joshua W. Eaden, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

## COUNT XV – Breach of Employees' Fiduciary Duty of Loyalty

245.   SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 244 of SIT's Complaint.

246.   "An employee owes his employer a fiduciary duty of loyalty." *Kopka, Landau, & Pinkus v. Hansen*, 874 N.E.2d 1065, 1070 (Ind. Ct. App. 2007) (internal citations omitted).

247.   "An employee must refrain from actively and directly competing with his employer for customers and employees and must continue to exert his best efforts on behalf of his employer …" *Id.*

248.   By engaging in those acts explained herein and above, namely fraud, theft/embezzlement, conversion, conspiracy, breach of the SIT Employee Handbook, and/or violations of the Indiana UTSA and RICO acts, Eaden did not refrain from actively and directly competing with SIT or continue to exert his best efforts on SIT's behalf.

249.   As such, Eaden breached his duty of loyalty to SIT.

250.    By engaging in those acts explained herein and above, namely fraud, theft/embezzlement, conversion, conspiracy, breach of the SIT Employee Handbook, and/or violations of the Indiana UTSA and RICO acts, Pharris did not refrain from actively and directly competing with SIS or continue to exert his best efforts on SIT's behalf.

251.    As such, Pharris breached his duty of loyalty to SIT.

252.    By engaging in those acts explained herein and above, namely fraud, theft/embezzlement, conversion, conspiracy, breach of the SIT Employee Handbook, and/or violations of the Indiana UTSA and RICO acts, Stafford did not refrain from actively and directly competing with SIS or continue to exert his best efforts on SIT's behalf.

253.    As such, Stafford breached his duty of loyalty to SIT.

254.    By engaging in those acts explained herein and above, namely fraud, theft/embezzlement, conversion, conspiracy, breach of the SIT Employee Handbook, and/or violations of the Indiana UTSA and RICO acts, Doe Defendants 1-5 did not refrain from actively and directly competing with SIS or continue to exert his best efforts on SIT's behalf.

255.    As such, Doe Defendants 1-5 breached his duty of loyalty to SIT.

256.    As a direct and proximate result of breach of the duty of loyalty of Eaden, Pharris, Stafford, and/ or Doe Defendants 1-5, SIT has sustained damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, Aaron (Shane) Stafford, and/or Doe Defendants 1-5, in an amount to be proven at trial, for pre-judgment interest thereon, for an additional award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other proper relief in the premises.

## COUNT XVI – Replevin

257.    SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 256 of SIT's Complaint.

258.    The inventory, property, and goods that Defendants herein have in their possession or control and have exerted unauthorized control over but are the lawful property of SIT are listed on the attached Exhibit C, and are set forth herein by reference.  Said inventory, property, and goods referenced in Exhibit C are collectively referred to as the "Converted Property."

259.    By reason of the misconduct alleged herein above by Defendants, SIT is entitled to the possession, custody, and control of the Converted Property.

260.    The Converted Property has not been taken for a tax, assessment, or fine, pursuant to statute, or ceased under execution or attachment.

261.    SIT has demanded possession of the Converted Property, and Eaden, Pharris, and/or J&J Tire and Service, have refused to permit the peaceable repossession of said Converted Property, and the Converted Property is being unlawfully detained by Eaden, Pharris, and/or J&J Tire and Service.

262.    The Converted Property is subject to concealment and/or sale to bona fide purchasers, from which SIT most likely will not be able to recover the Converted Property.

263.    The nature of the business of J&J Tire and Service is that it sells tires, auto parts, and other auto-related inventory, therefore it is likely that Eaden, Pharris, and/or J&J Tire and Service will sell the Converted Property that SIT has superior right to possession of and proceeds derived therefrom.

264.    That the aggregate liquidation value of the Converted Property is not fully known as of the date of the filing of this Complaint.

**WHEREFORE,** Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., demands an Order of immediate possession of the Converted Property hereinabove described, and upon hearing, for a preliminary Order of possession and upon trial, for an Order of undisputed possession, custody, control and ownership of said Converted Property, together with expenses of retaking, reasonable attorneys' fees, costs of this action, and for all other proper relief in the premises.

## COUNT XVII – Crime Victims Relief Act

265.   SIT repeats and re-alleges as if set forth fully herein each and every allegation contained in paragraphs 1 – 264 of SIT's Complaint.

266.   Under the Crime Victims Relief Act, Indiana Code Section 34-24-3-1 *et seq.*, SIT is entitled to treble damages as a result of said fraud, theft, embezzlement, and/or conversion under Indiana Code Section 35-43 *et seq.*

267.   SIT is entitled to treble damages in an amount to be determined at trial plus the costs of this action and attorneys' fees.

**WHEREFORE,** Plaintiff, Southern Indiana Tire, Inc. d/b/a Best-One Tire & Service of Princeton, Inc., prays for judgment against Defendants, Joshua W. Eaden, Justin Pharris, Darrin Tichenor, Aaron (Shane) Stafford, Doe Defendants 1-5, and J&J Tire and Service, LLC, for an award of treble damages, reasonable attorneys' fees and expenses, together with the costs of this action and for all other relief proper in the premises.

*- Signature on following page -*

Respectfully submitted,

Paul J. Weaver, President
Southern Indiana Tire, Inc. d/b/a Best-One
Tire & Service of Princeton, Inc.

I affirm, under the penalties of perjury, that the foregoing representations are true to the best of my knowledge and belief.

Paul J. Weaver

Reed S. Schmitt IN #2173-49
Bruce A. Smith   IN #154-42
Meagan R. Brien IN #29055-49
BINGHAM GREENEBAUM DOLL LLP
25 NW Riverside Drive, Suite 100
Evansville, IN  47708
Phone: (812) 437-0200
Fax: (812) 437-6717
Email:  rschmitt@bgdlegal.com
Email:  bsmith@bgdlegal.com
Email:  mbrien@bgdlegal.com
ATTORNEYS FOR PLAINTIFF,
SOUTHERN INDIANA TIRE, INC.
D/B/A BEST-ONE TIRE & SERVICE
OF PRINCETON, INC.

17480489_1.docx